IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JONATHAN CORDIER,<br><br>          Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:10CV232 DAK |

      This matter is before the court on Petitioner Jonathan Cordier's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, which was filed on March 16, 2010. On May 19, 2008, Petitioner plead guilty to a violation of Title 18, United States Code, Section 2251(a). As part of the plea deal, the United States agreed to recommend a sentence of 240 months. If the court sentenced Mr. Cordier to a longer sentence, Mr. Cordier could withdraw his guilty plea, and if the court sentenced Mr. Codier to a shorter sentence, the United States could withdraw the plea agreement. On December 2, 2008, the court sentenced Mr. Cordier to a term of 240 months.

      In addition, as part of the plea deal, Mr. Cordier agreed to "knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255."[1]

---

[1] *See* Docket No. 54.

Notwithstanding the bargain struck by the United States Attorney and Mr. Cordier, Mr. Cordier has now asked the court to grant a downward departure and reduce his sentence, based on his mental illness and his post-traumatic stress disorder. The court declines to do so for a variety of reasons.

"[A] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack.

A one-year statute of limitation applies to motions brought under § 2255. "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

In this case, Petitioner's judgment became final thirty days after sentencing–or on January

1, 2009, and the one-year statute of limitations began to run.  Thus, the statute of limitations expired on January 1, 2010.  The instant petition was not filed until March 16, 2010, and the petition is therefore time-barred.[2]

Moreover, in the Tenth Circuit, a defendant will be held to the terms of a lawful plea agreement.  *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir.1998).  The Tenth Circuit has held such waivers valid and enforceable with regard to collateral attacks.  *United States v. Elliott*, 264 F.3d 1171 (10th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001) ("[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made.").  As part of his plea agreement, Mr. Cordier knowingly and voluntarily waived his right to collaterally attack his sentence, and thus, his petition is denied for this independent reason.

Finally, even if the court could consider the substance of Mr. Cordier's petition, the court would decline to modify his sentence in any event.  Mr. Cordier specifically bargained for a 240-month sentence, which the court imposed.  There is nothing unconstitutional or illegal about the sentence nor is it otherwise subject to collateral attack.

---

[2] Petitioner has not claimed that there is any reason to equitably toll the running of the statute of limitations.  His lack of knowledge pertaining to this type of motion does not toll the running of the limitations period.

## RULE 11 DENIAL OF CERTIFICATE OF APPEALABILITY[3]

Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). Thus, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right and therefore declines to issue a Certificate of Appealability.

## CONCLUSION

For the above reasons, Petitioner Jonathan Cordier's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence is DENIED, and the Court declines to issue a Certificate of Appealability. The Clerk of the Court is directed to close this case.

DATED this 29th day of April, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[3] See Rules Governing Section 2255 Proceedings for the United States District Courts.